NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN XING WENG,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1184<br><br>Agency No.<br>A208-928-146<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024[**]
Pasadena, California

Before: GOULD, IKUTA, and FORREST, Circuit Judges.

Xin Xing Weng petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of a denial by an Immigration

Judge ("IJ") of his applications for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA affirms the IJ's reasoning and adds its own reasoning, we review both decisions.  *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).  We review *de novo* claims of due process violations.  *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).  "We review factual findings, including adverse credibility decisions, under the deferential substantial evidence standard."  *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).  Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

We decline to address Weng's due process challenge to the IJ's consideration of the credible fear worksheet.  Weng did not raise this claim on appeal to the BIA, so he did not exhaust his administrative remedies as to this issue.  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  Weng's argument that there was no verification that a competent interviewer was used is likewise unavailing.  The asylum officer noted that no interpreter was used but certified that he was fluent in Mandarin.  Moreover, the credible fear worksheet indicates that Weng stated under oath that he understood the questions that the officer asked.

Substantial evidence supports the IJ's adverse credibility finding. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184–85 (9th Cir. 2016). The IJ reasonably concluded that there were inconsistencies between Weng's credible fear interview and his testimony regarding (1) the location of the house church meetings; (2) the number and genders of the church members; (3) the number of times Weng reported to authorities after being released from detention; (4) the nature of the document he was forced to sign upon his release; (5) whether police interrogated him; and (6) whether the police came looking for Weng after he left China. Weng's argument that these inconsistencies are too minor to support the agency's adverse credibility determination is unavailing. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination."). In any event, these inconsistencies were not minor, as they related to the amount of contact Weng had with the authorities, which bears directly on his claim of persecution. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).

Substantial evidence also supports the IJ's determination that, absent Weng's credible testimony, the record does not establish eligibility for asylum or withholding of removal. The two letters Weng submitted to support his claims were inconsistent with his testimony, and Weng failed to explain the

inconsistencies on appeal to the BIA. The record does not compel a contrary conclusion. *See Silva-Pereira*, 827 F.3d at 1185–86.

The adverse credibility determination did not "necessarily defeat [Weng's] CAT claim." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). However, Weng does not identify record evidence that "meet[s] the high threshold of establishing that it is more likely than not that [Weng] will be tortured by or with the consent or acquiescence of a public official." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Weng therefore has not "establish[ed] entitlement to protection under CAT." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022).

**PETITION DENIED.**